IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHANIE J., and ANGELA W., )
Individually and as Parent and Next Friend of )
Stephanie W., )
) Civil Action No.: 10 C 1359
Plaintiff, )
) Suzanne B. Conlon, Judge
v. )
)
BOARD OF EDUCATION OF THE CITY OF )
CHICAGO, DISTRICT 299, )
)
Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Stephanie J. and her mother Angela W. sue the Board of Education of the City of Chicago, District 299 (the "Board"), for attorney's fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415. The parties cross-move for summary judgment. For the reasons set forth below, plaintiffs' motion is granted and the Board's motion is denied.

## BACKGROUND

The following facts are derived from the parties' Local Rule 56.1 statements and exhibits.[1] Stephanie is a minor with a history of delayed development and other health issues, from premature birth at 24 weeks. Pl. Facts ¶ 7. She has an auditory processing deficit that

---

[1] The Board argues several of plaintiffs' statements should be stricken as immaterial. Def. Resp. to Pl.'s Stmt. of Material Facts ("Pl. Facts") ¶¶ 30-40. Motions to strike are disfavored. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The court considers the parties' submissions only to the extent they are relevant to the summary judgment motions.

adversely impacts her learning in all academic areas. *Id.* at Ex. A-20. The Board is responsible for providing a free and appropriate education to all special needs children attending Chicago public schools, including Stephanie. *Id.* ¶¶ 3 & 6. Stephanie has received special education services throughout her education. *Id.* ¶ 6.

During the 2008-9 school year, Stephanie was a 17-year-old senior at Bogan High School, a Chicago public high school.[2] *Id.* From December 9, 2008 through April 24, 2009, plaintiffs, through their counsel, filed due process complaints alleging the Board failed to provide Stephanie with adequate educational services. *Id.* ¶¶ 12-13.

A due process hearing was held over eight days in June and July 2009. *Id.* ¶ 18. On August 8, 2009, a hearing officer issued a decision finding the Board had denied Stephanie with a timely and adequate individualized educational program ("IEP"), as it was required to do under the IDEA. *Id.* ¶ 21. The hearing officer required the Board to place Stephanie at a private therapeutic school, for two years. *Id.* ¶ 23. The hearing officer also ordered the Board to hold an IEP meeting with plaintiffs' counsel within ten business days of his decision in order to develop an appropriate IEP and implement the order. *Id.*

On August 19, 2009, the Board and plaintiffs' counsel agreed to postpone the ordered IEP meeting until after the private therapeutic day school placement was implemented. Def. Facts ¶ 11. Stephanie's mother, Angela, waived the IEP revision meeting. *Id.* ¶ 12. In September 2009, Stephanie was placed at Acacia Academy. *Id.* ¶ 25.

---

[2] In ¶ 1 of plaintiffs' Rule 56.1 statement, Stephanie is described as a 15-year-old girl, but in ¶ 6, she is described as having been a 17-year-old senior during the 2008-9 school year. Both inconsistent facts are undisputed by the Board. The complaint alleges she was a 17-year-old senior during the 2008-9 school year. Compl. ¶ 3.

On October 9, 2009, the initial IEP meeting was held. *Id.* ¶ 17. After the hearing officer issued his order, plaintiffs' counsel spent time preparing for this meeting and ensuring the Board's compliance with the order. Pl. Facts ¶ 27. After the meeting, plaintiffs' counsel communicated with the Board with regard to: (1) Stephanie's placement; (2) additional IEP meetings to discuss the placement; and (3) counsel's complaint with the Illinois State Board of Education ("ISBE"), to redress the Board's non-compliance. *Id.* ¶¶ 27-29.

On November 4, 2009, the ISBE issued a formal decision finding the Board failed to comply in several respects with the hearing officer's order, including failure to provide assistive technology resources, submit a complete IEP and hold an additional IEP meeting to consider a vocational assessment. *Id.* at Ex. C-4-C-6. Over the next several months, ISBE and plaintiffs' counsel conferred over noncompliance issues and scheduled subsequent IEP meetings to address the issues. *Id.* ¶¶ 32-37.

On January 12, 2010, plaintiffs' counsel requested $90,214.51 in attorney's fees from the Board. Def. Facts ¶ 13. They submitted a supplemental fee letter on June 10, 2010 for additional legal services, increasing the total amount to $92,137.21. Pl. Facts ¶ 42. On February 28, 2010, plaintiffs filed this lawsuit for attorney's fees under the IDEA. Def. Facts ¶ 20.

**DISCUSSION**

I.     **Summary Judgment Standard**

On cross-motions for summary judgment, each movant must satisfy Fed. R. Civ. P. 56's requirements. *Int'l Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). Summary judgment is warranted only if the pleadings, discovery, and disclosure materials on file and affidavits show there is no genuine issue of material fact, and the

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 633 (7th Cir. 2009). The movant has the initial burden of demonstrating entitlement to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). If the burden is met, the non-movant must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Kramer*, 384 F.3d at 861. The court construes all facts and draws all reasonable inferences in the light most favorable to the non-movant. *Cracco*, 559 F.3d at 633. A genuine issue of material fact exists if the evidence is sufficient to support a reasonable jury verdict in the non-movant's favor. *Pugh v. City of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001).

## II. Statute of Limitations

The Board contends plaintiffs' claim for attorney's fees is time-barred. The court, in its discretion, may award reasonable attorney's fees to a parent of a disabled child who prevails in an action brought under the IDEA. 20 U.S.C. § 1415(i)(3)(B). Section 1415 does not set forth a deadline for a fees application, but the Seventh Circuit has held that fee claims must be filed within 120 days of the date the hearing officer's order becomes final. *Dell v. Board of Educ. Twp. High Sch. Dist.*, 113, 32 F.3d 1053, 1058-59 (7th Cir. 1994); *McCartney C. by Sara S. v. Herrin Cmty. Unit Sch. Dist. No. 4*, 21 F.3d 173, 175 (7th Cir. 1994). The hearing officer's decision becomes final when: (1) the time for the school district to challenge the hearing officer's decision has elapsed ; or (2) if the school district challenges the decision, 120 days after the judicial decision upholding the hearing officer's decision has become final. *Dell*, 32 F.3d at 1063; *McCartney*, 21 F.3d at 175.

4

The hearing officer issued his decision on August 8, 2009. The Board had until December 6, 2009 to file an appeal. *See Dell*, 32 F.3d at 1056-57; *McCartney*, 21 F.3d at 175. Because the Board did not appeal, the hearing officer's decision became final on December 6, 2009. *See Dell*, 32 F.3d at 1063; *McCartney*, 21 F.3d at 175. Plaintiffs then had 120 days to file their judicial claim for attorney's fees, specifically, until April 5, 2010. *See McCartney*, 21 F.3d at 175. Plaintiffs filed this complaint on February 28, 2010, well within the required time limit.

The Board insists the 120 day limit began to run on either August 19, 2009 or October 9, 2009, when it indicated an intent to comply with portions of the hearing officer's order. Def. Opp. Mem. at 5-6. Under the Board's reasoning, providing plaintiffs with notice of its willingness to comply showed the Board would not appeal the ordered relief. The argument is unsupported by statutory or binding authority, and is contrary to Seventh Circuit precedent. *Dell*, 32 F.3d at 1063; *McCartney*, 21 F.3d at 175.

### III. Reasonable Attorney Fees

The parties argue they are entitled to summary judgment on the reasonableness of plaintiffs' requested attorney's fees. Plaintiffs contend they are entitled to $92,137.21; the Board maintains the fees are unreasonable and should be reduced by at least $20,750.

As the prevailing party in an administrative IDEA hearing, plaintiffs may recover reasonable attorney's fees in the court's discretion. § 1415(i)(3); *see also, Linda T. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 707 (7th Cir. 2005). A plaintiff prevails if she succeeds on any significant issue that achieves some of the benefit she sought in bringing the suit. *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469 (7th Cir. 2003), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court may consider other fee-shifting statutes, such as 42 U.S.C. §

5

1988, for guidance in interpreting the reasonableness of attorney's fees. *Jodlowski v. Valley View Cmty. Unit Sch. Dist. No. 365-U*, 109 F.3d 1250, 1253 n.2 (7th Cir. 1997).

As a starting point, courts rely on the lodestar method of calculation: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 at 433. The most critical factor in determining reasonableness is "the degree of success obtained." *Id.* at 436. Courts also consider whether awarding fees will be a windfall to the attorney, *Tomazzoli v. Sheedy*, 804 F.2d 73 (7th Cir. 1986), and whether the attorney's work is adequately documented. *Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009). Plaintiffs bear the burden of establishing their fee request is reasonable. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).

While the Board denies plaintiffs are prevailing parties on every due process hearing issue, there is no question plaintiffs are prevailing parties for purposes of attorney compensation. Plaintiffs successfully requested and obtained placement for Stephanie at a therapeutic day school for two years, fully funded independent evaluations, assistive technology services and an IEP meeting to develop an appropriate IEP for Stephanie. Pl. Facts ¶¶ 16 & 23. The Board does not contest the hourly rates charged by plaintiffs' counsel, which have been accepted as reasonable in similar cases litigated against the Board in this court. *Jay C. v. Board of Educ.*, 2009 WL 3596175 (N.D. Ill October 30, 2009) (Conlon, J.); *Benito M. v. Board of Educ.*, 544 F. Supp. 2d 713 (N.D. Ill February 28, 2008) (Conlon, J.); *John M. v. Board of Educ.*, 612 F. Supp. 2d 981 (N.D. Ill. May 5, 2009) (Denlow, M.). Instead, the Board contends counsel spent an unreasonable amount of time on unrecoverable tasks.

A.   **IEP Meetings and Post-Hearing Enforcement**

The Board objects to plaintiffs' request for attorney's fees incurred for post-hearing enforcement work, including representation at IEP meetings. Under 20 U.S.C. § 1415(i)(3)(D)(iii), the court is prohibited from awarding attorney's fees relating to meetings of the IEP team "unless such meeting is convened as a result of an administrative proceeding or judicial action." *Id.* The due process hearing was an administrative proceeding, and counsel's costs relating to the hearing officer's mandated IEP meeting on October 9, 2009, are therefore recoverable. *Id.* Similarly, plaintiffs' counsel billed for attending a second IEP meeting on January 11, 2010, which also stemmed from the hearing order; the meeting addressed the Board's failure to timely implement the order. Pl. Facts ¶¶ 38-40. Work performed by plaintiffs' counsel with respect to both meetings is recoverable. *Id.*; *P.G. v. Township Bd. of Educ.*, 124 F. Supp. 2d 251, 263 (D. N.J. 2000) (if the post-order issues are "inextricably intertwined" with issues plaintiffs prevailed on at a due process decision, fees for post-order activities are recoverable).

Alternatively, the Board argues that post-hearing enforcement work unrelated to the IEP meetings is not recoverable. Prevailing civil rights plaintiffs are entitled to attorneys' fees for post-judgment monitoring, *Martin v. Hadix*, 527 U.S. 343, 359-60 (1999), and fees may be awarded to IDEA prevailing parties for post-hearing enforcement work. *Nicole M. v. Board of Educ.*, 2010 U.S. Dist. LEXIS 3017 (N.D. Ill. January 14, 2010) (Manning, J.). If the Board did not fully comply with a due process order until nearly eleven months after it was rendered, it is reasonable that attorney's fees related to post-judgment monitoring be reimbursed.

B.  **Excessive and Non-Specific Entries**

The Board argues the requested fees should be reduced because they include three classes of excessive or unspecific entries. First, the Board criticizes 55 billing entries counsel made between August 10, 2009 and October 9, 2010, relating to Stephanie's placement at Acacia Academy. Def. Facts ¶19. Part of plaintiffs' requested hearing relief was placement at Acacia, but the hearing officer decided not to select a specific school for Stephanie at the time; instead, he ordered Stephanie's placement to be decided at a later date, once certain criteria were met. Pl. Facts ¶16. The Board contends counsel essentially lost the Acacia argument at the hearing. In particular, the Board maintains counsel should not have advocated for the school post-hearing, and should not be reimbursed the $20,000 billed for such entries. Counsel's success in obtaining Stephanie's placement at Acacia indicates otherwise. Some of the Acacia entries relate to the Board's non-compliance with ordered relief at the school, not just Stephanie's placement.

Second, the Board objects to entries for counsel's preparation of the fee petition. A two-page cover letter, plus a 61-page billing statement, totaled 3.5 hours. Time billed for this purpose is not excessive given time billed was less than 1% of the 368 attorney hours billed by plaintiffs' counsel. At a minimum, the Board argues the time billed should be reduced by .10 since an entry erroneously refers to a settlement agreement. Def. Opp. Mem. at 9. The Board does not identify the purported error, and the court is not required to scour the record. *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 744 (7th Cir. 2007).

Third, the Board argues $750.00 worth of photocopying charges lack specificity and should be denied. Counsel has provided evidence of the purpose, number of pages and cost per

page of their copying charges. Pl. Resp. at Ex. B. The copies were extracts of materials for the hearings; the price per page is $.15. *Id.* The record reflects the necessity and reasonableness of the copying costs. *Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *4 (N.D.Ill July 6, 2009) (Leinenweber, J.) (photocopying costs between $.10 and $.20 per page are reasonable).

## IV. Prejudgment Interest

Finally, plaintiffs seek prejudgment interest from the date of filing their initial fee claim on January 12, 2010. The Seventh Circuit has not addressed the propriety of awarding prejudgment interest under the IDEA, but other courts have awarded interest. *M. v. Board of Educ.*, 2010 WL 2698285 (N.D. Ill. July 7, 2010) (St. Eve, J.); *Kaseman v. District of Columbia*, 329 F.Supp. 2d 20, 28 (D.D.C. 2004). Prejudgment interest is presumptively available to victims of federal law violations. *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 572 (7th Cir. 2003). When awarded, prejudgment interest should not be a windfall, but instead, put a party in the position it would have been in if paid immediately. *American Nat'l Fire Ins. Co. Ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 935 (7th Cir. 2003).

Plaintiffs seek prejudgment interest in order to compensate their attorneys for the time value of money: had their fees been paid initially, their fees would have been worth more than compared to today's worth. *Matter of P.A. Bergner & Co.*, 140 F.3d 1111, 1123 (7th Cir. 1998). The Board counters prejudgment interest is not appropriate because there is no evidence of bad faith or unreasonable delay. It is insignificant whether the Board exhibited good faith or not, since the purpose of prejudgment interest is to correct attorney's fee awards for the time value of

money. *First Nat'l Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472, 480 (7th Cir. 1999); *Matter of P.A. Bergner*, 140 F.3d at 1123. Accordingly, prejudgment interest is appropriate. Because there is no statutory interest rate, the average prime rate should be used to calculate prejudgment interest for the applicable period. *See First Nat'l Bank*, 172 F.3d at 480 (the prime rate is the benchmark for prejudgment interest unless there is a statutory defined rate or the court engages in "refined rate setting"). The prime rate for 2009-10 is 3.25. http://www.federalreserve.gov/releases/h15/data/Monthly/H15_PRIME_NA.txt.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for summary judgment is granted and the Board's motion is denied. Plaintiffs are awarded reasonable attorney's fees of $92,137.21 and prejudgment interest.

ENTER:

*[signature: Suzanne B. Conlon]*

Suzanne B. Conlon
United States District Judge

July 30, 2010